An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

QUESTE CAPITAL, A NEVADA CORPORATION,
Appellant,
vs.
GRIMM NORTON 2, LLC, A NEVADA LIMITED LIABILITY COMPANY; DG DEVELOPMENT CORPORATION, A NEVADA CORPORATION; AND DAVID GRIMM, INDIVIDUALLY,
Respondents.

No. 66438

FILED

JUN 24 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DISMISSING APPEAL

Respondents have filed a "Motion for Order Remanding Case to District Court to Consider Respondent's Motion under NRCP Rule 59." Attached to the motion is a certification from the district court that it intends to grant the NRCP 59 motion and vacate the order being appealed from, set a hearing on respondent's motion to cancel appellant's lis pendens, and allow a full trial on the merits.

Appellant has filed a response to the motion for remand. Appellant request that the motion be denied, noting that the appeal is assigned to this court's settlement program and that it is "hopeful that the parties can resolve this matter in its entirety at the settlement conference."[1] Appellant also argues that even if the parties don't agree to a settlement, this appeal should be heard now by this court so we can address alleged procedural errors in the district court proceedings.

_____
[1]After the filing of appellant's response, the settlement judge filed a report indicating that the parties were unable to agree to a settlement of this matter. *See* NRAP 16.

15-19252

Appellant avers "judicial efficiency would best be served by allowing [appellant] to move forward with this appeal."

Respondents have submitted a reply to appellant's response.[2] In their reply, respondents note that the "procedural posture in this case is flawed." Specifically, respondents indicate that rather than filing a motion for remand, they believe they should have filed a motion to dismiss this appeal for lack of jurisdiction, as the motion filed in the district court is a tolling motion, and thus the notice of appeal was premature. *See* NRAP 4(a)(5). Thus, as respondents note, the district court has jurisdiction to rule on the NRCP 59 motion without a remand from this court. NRAP 4(a)(6) (a premature notice of appeal does not divest the district court of jurisdiction). Thus, respondents aver that as all parties essentially want a new trial, this court should dismiss the appeal and the district court should resolve the pending tolling motion.

Appellant filed a response to respondents' motion for leave to file a reply to the motion for remand in excess of the page limit. Appellant argues that the motion should be denied as it improperly raises matters not related to the original motion or appellant's response to that motion. *See* NRAP 27(a)(4) (a reply shall not present matters that do not relate to the response). While appellant is correct regarding the raising of matters not related to the response, in the interest of judicial efficiency, we elect to treat respondents' filing as a combined reply to the opposition and a motion for dismissal for lack of jurisdiction. *See* NRAP 2.

---

[2]Cause appearing, we grant respondents' "Motion for Permission to File Reply in Excess of Page Limitation." NRAP 27(d)(2). Accordingly, the clerk shall file the ten-page reply that was submitted with the motion.

After consideration of all the parties' filings in this matter, we grant respondent's motion to dismiss this appeal. As noted, the district court may resolve the pending NRCP 59 motion without a specific remand from this court. Further, either party may file a notice of appeal from any substantively appealable order entered by the district court. *See* NRAP 3(a); NRAP 3A(b).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc: Eighth Judicial District Court Dept. 15
Jerry J. Kaufman, Settlement Judge
Gibbs Giden Locher Turner Senet & Wittbrodt LLP
Hutchison & Steffen, LLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A